[710 NYS2d 385]

In the Matter of JAY RICHARD FISHERMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 3, 2000

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Brennan Fabriani & Novenstern, L. L. P.*, White Plains (*Sylvia L. Fabriani* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing six charges of professional misconduct against him. In his answer, the respondent admitted the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct. Moreover, he claimed that his misconduct was due to his medical and psychiatric conditions and the unlawful actions of various New York City police officers. After a hearing, the Special Referee sustained all six charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent does not oppose the Grievance Committee's motion, but argues that the sanction imposed should be limited to a period of suspension ending in September 2001 when the term of probation to which he was sentenced also ends.

Charge One alleged that the respondent was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b), in violation of Code of Professional Responsibility DR 1-102 (a) (1), (3), (4), (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [1], [3], [4], [5], [8] [now (7)]). On June 25, 1998, the respondent entered a plea of guilty in the Supreme Court, Bronx County, to a violation of Penal Law § 220.03 (criminal possession of a controlled substance in the seventh degree), a serious crime. On September 10, 1998, the respondent was sentenced to a three-year term of probation conditioned, *inter alia,* on his continued participation in and cooperation with the Florida Lawyers Assistance Program.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]). On or about October 6, 1993, at approximately 9:05 P.M., at the corner of Quarry Road and East 181st Street in the Bronx, the respondent possessed a quantity of a controlled substance, to wit, crack cocaine.

Charge Three alleged that the respondent was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b), in violation of Code of Professional Responsibility DR 1-102 (a) (1), (3), (4), (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [1], [3], [4], [5], [8] [now (7)]). On June 25, 1998, the respondent entered a plea of guilty in the Supreme Court, Bronx County, to a violation of Penal Law § 195.05 (obstructing governmental administration in the second degree), a serious crime. On September 10, 1998, the respondent was sentenced to a three-year term of probation conditioned, *inter alia,* on his continued participation in and cooperation with the Florida Lawyers Assistance Program.

Charge Four alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). On or about October 6, 1993, at approximately 9:05 P.M., at the corner of Quarry Road and East 181st Street in the Bronx, the respondent possessed a quantity of a controlled substance, to wit, crack cocaine. At or about the same time and place, the respondent offered a sum of United States currency to a New York City police officer in an attempt to prevent his arrest.

Charge Five alleged that, based on the foregoing factual allegations, the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Six alleged that, based on the foregoing factual allegations, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now 7) (22 NYCRR 1200.3 [a] [8] [now (7)]).

In view of the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained all of the charges against the respondent except Charge One insofar as it alleges violations of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]).

In determining the appropriate measure of discipline to impose, the respondent asks this Court to consider that no clients were harmed by his misconduct, which was the result of his long problems with depression and drug dependency. The respondent also asks the Court to consider his previously unblemished record and the following mitigating circumstances to which he testified at the hearing: Prior to his arrest, his wife was diagnosed with multiple sclerosis and left him. His brother

died suddenly of a heart attack at age 42. His father was terminally ill and, in fact, died shortly after his arrest. On the day of his arrest, the respondent left the hospital prematurely after a drug overdose and immediately began using drugs again, leaving him in a particularly vulnerable state in his conversations with the police. The respondent asks the Court to further consider his cooperation with the Grievance Committee and the Florida Lawyers Assistance Program, his candor at the hearing, and the fact that he has remained sober and drug free since December 2, 1998.

The respondent has no prior disciplinary record.

Notwithstanding the mitigation proffered by the respondent, he is guilty of misconduct that goes to the heart of the judicial system. Under the circumstances, he is disbarred.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jay Richard Fisherman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jay Richard Fisherman is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.